UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJEET SINGH,<br>(A-Number: 226-099-801)<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN OF THE CALIFORNIA CITY<br>DETENTION FACILITY, et al.,<br><br>              Respondents. | No.  1:26-cv-03197-JLT-FJS (HC)<br><br>ORDER DENYING MOTION FOR COUNSEL<br>[ECF No. 3]<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION AND ORDER BOND HEARING<br><br>[10-DAY DEADLINE] |

Petitioner Harjeet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus. (ECF No. 1.) He is a native and citizen of India who unlawfully entered the United States on June 18, 2024. (ECF No. 8-1 at 1.) The Department of Homeland Security ("DHS") released him into the United States on an Order of Release on Recognizance shortly thereafter. (ECF No. 8-3 at 1.)

On or about February 6, 2026, Petitioner was arrested and charged in Santa Clara County Superior Court with violating Cal. Penal Code § 288.3(a) for communicating with a minor with knowledge and intent to commit an offense specified in Cal. Penal Code § 288, and violating Cal. Penal Code § 288.4(b) for going to an arranged meeting place to meet with a minor for purposes of engaging in lewd and lascivious behavior. (ECF No. 8-5 at 3-4.) Respondents contends that the charges prompted DHS to arrest Petitioner. (ECF No. 8 at 1-2.) On or about March 26, 2026,

DHS detained Petitioner. (ECF Nos. 8-6, 8-7.) The charges remain pending.

On April 27, 2026, Petitioner filed the instant petition along with a motion for counsel. (ECF Nos. 1, 2.) Although the petition focuses primarily on allegations of prolonged detention, Petitioner also raises a due process allegation concerning his re-detention. (ECF No. 1 at 5-6.)  As to the due process violation, on April 29, 2026, the court issued an order directing Respondents to show cause whether there were any factual or legal issues in this case that render it distinguishable from the court's prior orders in *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). (ECF No. 7.)

On May 2, 2026, Respondents filed a response to the order to show cause. (ECF No. 8.) Respondents acknowledge that "[t]his case is not materially distinguishable from the cases cited in the court's minute order, ECF 7, except for the fact that this Petitioner has been criminally charged for crimes related to the sexual exploitation of a minor, which arguably makes him a greater danger that the conduct at issue in the cited cases." (ECF No. 8 at 2.) Respondents continue to maintain their position, which this court has repeatedly rejected in the cases noted above, that Petitioner's detention is mandatory under expedited removal procedures set forth at 8 U.S.C. §1225(b)(2). (ECF No. 6 at 1.) In line with the court's previous cases, the court finds that Petitioner's release on supervision created a liberty interest in remaining free of detention. As in those previous cases, the court finds that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated his due process rights.

Respondents argue that in the event the court grants habeas relief, Petitioner is not entitled to release but should only be granted a hearing. The parties dispute whether there was justification for Petitioner's re-detention. Petitioner argues he was detained for no reason, he has not been convicted of any crimes, and he has no criminal record at all. (ECF No. 1 at 5.) Respondents argue that Petitioner's arrest and subsequent charges for crimes related to sexual exploitation of a minor justify his detention because he arguably poses a danger to the public.

2

(ECF No. 8 at 2.) Respondents have submitted records from the San Jose Police Department reflecting Petitioner's arrest, as well as records from the Santa Clara County Superior Court showing Petitioner's pending charges. (ECF Nos. 8-4, 8-5.) The records reflect only an arrest and pending charges. "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026) (quoting *Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006)). Nevertheless, Respondents' "reliance on those violations is 'not obviously pretextual.'" *M.R.R. v. Chestnut*, 2025 WL 3265446, at *12 (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)). In such a case, as other courts have done, the court concludes that prompt, post-deprivation process is required here, and that Petitioner should be provided a bond hearing before an immigration judge. *Id.*; *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025). In line with previous cases, the court finds that the Government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *M.R.R.*, 2025 WL 3265446, at *14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025).

Petitioner has also requested appointment of counsel. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. In the instant case, the court does not find that the interests of justice require the appointment of counsel at the present time.

ORDER

Petitioner's motion for counsel, (ECF No. 2), is DENIED.

RECOMMENDATION

For the foregoing reasons, the court hereby RECOMMENDS that Respondents be ordered to provide Petitioner with a substantive bond hearing at which the immigration judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. In addition, the court recommends that at any such hearing, the Government should bear the

3

burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

This Findings and Recommendation is submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the district judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   __**May 5, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE

4